UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-BEST PROPERTIES, LLC, | ) | Case No. 10-44600 |
| | ) | |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**FINAL ORDER AUTHORIZING AGRI-BEST PROPERTIES, LLC TO OBTAIN POSTPETITION FINANCING WITH PRIORITY OVER ADMINISTRATIVE EXPENSES AND SECURED BY LIENS ON PROPERTY OF THE ESTATE PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE**

This matter having come before the Court on the motion (the "Motion") of Agri-Best Properties, LLC (the "Debtor"), seeking the entry of interim (the "Interim Order") and final orders pursuant to section 364(c) of title 11 of the United States Code (the "Bankruptcy Code")[1] and Fed. R. Bank. P. 2002, 4001 9014 authorizing it to obtain postpetition financing pursuant to § 364(c) from Wells Fargo Bank, National Association, acting through its Wells Fargo Business Credit operating division (the "Lender") with priority over administrative expenses and secured by liens on property of the Debtor's estate (the "Postpetition Financing"); this Court having (i) conducted a preliminary hearing (the "Preliminary Hearing") on the Motion on January 5, 2011, and (ii) entered the Interim Order on January 5, 2011 granting interim relief under the Motion and scheduling a final hearing on January 19, 2011 (the "Final Hearing") to consider the entry of this final order (the "Final Order"); no objections to the Motion having been filed, and for good cause shown, **THE COURT HEREBY FINDS:**

A. On October 5, 2010 ("Petition Date"), the Debtor and Agri-Best Holdings, LLC ("ABH") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. ABH's

---

[1] Unless otherwise indicated, all references to statutory provisions are intended as references to provisions of the Bankruptcy Code.

{10007-001 ORD A0282238.DOC}

case was converted to one under chapter 7 of the Bankruptcy Code effective on December 1, 2010. The Debtor owns ABH's former operating facility located at 4430 S. Tripp Avenue in Chicago (the "Real Property"), and it is a wholly-owned subsidiary of ABH.

B.  The Debtor has remained in possession of its assets since the Petition Date, and has continued to operate as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

C.  On November 9, 2010, this Court entered a Final Order (I) Authorizing Debtor to Use Cash Collateral, (II) Granting Adequate Protection, (III) Authorizing Debtor to Obtain Post-Petition Financing, and (IV) Granting Liens, Security Interests and Priority Claims (the "ABH Final Order"). The Debtor did not borrow any funds nor utilize any cash collateral pursuant to the ABH Final Order.

D.  Lender claims and Debtor acknowledges that prior to the Petition Date, ABH and Protein Solutions, LLC ("Protein") entered into that certain Amended and Restated Credit and Security Agreement dated June 2, 2010 (as amended, the "Credit Agreement") with Lender, and the Debtor issued that certain Amended and Restated Real Estate Term Note dated June 2, 2010, in favor of Lender (the "Real Estate Note"). The Debtor also executed that certain Mortgage and Assignment of Rents and Leases dated October 22, 2007 for the Real Property (as amended, modified or supplemented from time to time, the "Senior Mortgage").

E.  All obligations of ABH and Protein to the Lender are guarantied by the Debtor, and all obligations of the Debtor to the Lender are guarantied by ABH and Protein pursuant to

{10007-001 ORD A0282238.DOC}

certain Amended and Restated Guaranties, each dated June 2, 2010 (collectively, the "Guaranties").

F.  In addition to the Lender's secured obligations, as of the Petition Date, the Debtor also owed approximately $5,850,000, plus interest, fees and costs, on a secured basis, to Advantage Capital Community Development Fund, XXV, LLC ("Advantage") in connection with two term notes (collectively, the "Advantage Notes") in the original principal amounts of $2,850,000 and $3,000,000, respectively.[2] The Debtor also executed a Junior Mortgage and Assignment of Rents and Leases in favor of Advantage on June 2, 2010 (the "Junior Mortgage") for the Real Property.

G.  By virtue of a certain Intercreditor Agreement ("Intercreditor Agreement") with Lender and Advantage, Advantage agreed that (i) it would refrain from exercising any extraordinary collection rights on the Advantage Notes until the Lender's indebtedness is paid in full; and (ii) its liens on the Debtor's and ABH's assets were junior to Lender's liens, except for Advantage's lien on certain ABHs equipment for which Lender has subordinated its lien to the lien of ABH in an amount not to exceed $2,850,000.00.

H.  The Lender has a first priority, properly perfected security interest in substantially all of the personal property of the Debtor and the Real Property (the "Prepetition Collateral").

I.  As of September 29, 2010, the outstanding principal obligations (not including interest) under the Credit Agreement and related loan documents, under which the Debtor is the primary obligor or a guarantor totals approximately $14,562,401.11, together with interest accrued and accruing thereon, and all costs, expenses.

---

[2] Advantage is also the holder of a 100% Class A membership interest in ABH.

{10007-001 ORD A0282238.DOC}

J.  Notice of the Final Hearing on the Motion has been provided to (a) the Office of the United States Trustee, (b) counsel for the Lender and (c) each of the Debtor's creditors. In view of the urgency of the relief requested, such notice constitutes sufficient notice under Fed. R. Bankr. R. 4001 and no other notice need be given.

K.  Good cause has been shown for the entry of this Final Order. The Court's entry of this Final Order on a final basis is in the best interests of the Debtor, its creditors and its estate, and is necessary for the efficient and effective preservation and ultimate sale of the Real Property.

L.  The financing and adequate protection arrangements authorized hereunder have been negotiated in good faith and at arm's length among the Debtor and the Lender. The terms of such financing and adequate protection arrangements are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent value and fair consideration. As such, the Debtor and the Lender are entitled to the protections provided by § 364(e).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Debtor is hereby authorized to (a) borrow money on a revolving basis from the Lender (the "Postpetition Loan") in an amount that shall not exceed the aggregate principal amount of $40,000.00 (the "Postpetition Loan Amount"); (b) pay all interest, fees and other amounts that may be required or necessary for such borrowing; (c) perform its obligations pursuant to the provisions of this Final Order; and (d) enter into such agreements, instruments and documents as may be necessary or required to evidence its Postpetition Loan obligations to the Lender. Subject to the terms of this Final Order, the Lender will make the Postpetition Loan available to the Debtor for the purposes of funding those expenses of the Debtor as set forth in

{10007-001 ORD A0282238.DOC}

the budget attached to the Motion as <u>Exhibit A</u> (as may be supplemented from time to time, the "Budget").

2. The Lender must honor the Debtor's funding requests under the Postpetition Loan provided that (i) honoring the request would not cause the outstanding amount of the Postpetition Loan to exceed the Postpetition Loan Amount, (ii) the funds are used solely for the expenses and items set forth in the Budget, and a Termination Event (as that term is defined in the Motion) has not occurred. The Postpetition Loan shall accrue interest at a rate of eight percent (8.0%) per annum. All accrued and unpaid interest is due and payable on the Maturity Date. Maturity Date means the earliest of (1) the closing date on the sale of the Real Property; (2) a Termination Event and (3) such other date as agreed to in writing by the Lender and the Debtor. The Debtor may not incur any other indebtedness under §§ 364(b), (c) or (d).

3. As security for the Postpetition Financing, the Debtor proposes to provide Lender with a priming lien on the Real Property (the "Postpetition Lien"). The Postpetition Lien granted herein shall, pursuant to this Final Order, be deemed perfected, and no further notice, filing or other act shall be required to effect such perfection.

4. Advantage's interest in the Real Property is adequately protected.

5. In making decisions to advance moneys or extend financial accommodations of any nature under this Final Order or any advances, loans, or financial accommodations of any sort under this Final Order, or in taking any other action related to or in connection with any of the foregoing, the Lender shall have no liability to any third party, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or managing agent with respect to the operation or management of the Debtor.

6. The provisions of this Final Order shall be binding upon and inure to the benefit of the Lender, the Debtor and each of their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor).

7. Based on the findings set forth in this Final Order and in accordance with § 364(e), which is applicable to the Postpetition Financing arrangement contemplated by this Final Order, in the event any or all of the provisions of this Final Order are hereafter modified, amended or vacated by a subsequent order of this or any other Court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien, security interest or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Final Order, and the Lender shall be entitled to all of the rights, remedies, privileges and benefits, including the liens and priorities granted herein, with respect to any such claim.

8. The Debtor is authorized to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, mortgages and financing statements) and to pay fees and expenses that may be required or necessary for the Debtor's performance hereunder.

9. This Final Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof. There is no just reason to delay enforcement or appeal of this Final Order.

Dated:                                              ENTERED:

{10007-001 ORD A0282238.DOC}

_____
UNITED STATES BANKRUPTCY JUDGE

JAN 1 9 2011

*Prepared By:*

Steven B. Towbin (# 2848546)
Peter J. Roberts (# 6239025)
Kimberly Bacher (# 6285677)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile

{10007-001 ORD A0282238.DOC}